Edward GIORGI, et al., Plaintiffs,

v.

Eugene J. DOODY, Defendant.

Civ. A. No. 80–2171–MC.

United States District Court,
D. Massachusetts.

May 7, 1982.

**1252**

Victoria Rothbaum, Greater Boston Legal Services, Boston, Mass., Mass. Law Reform, Boston, Mass., for plaintiffs.

Carl Valvo, Asst. Atty. Gen., Boston, Mass., for defendant.

### MEMORANDUM AND ORDER

McNAUGHT, District Judge.

In this purported class action, the named plaintiffs seek declaratory and injunctive relief on behalf of themselves and all others similarly situated. The purported class consists of all claimants for unemployment compensation benefits from the Commonwealth of Massachusetts who have been, are, or will be subject to disqualification for such benefits under M.G.L. c. 151A §§ 24(b)

and 30 due to their attendance at industrial or vocational training courses. The plaintiffs allege that their due process rights and rights granted to them by federal statutes were violated by a decision-making process which they say is arbitrary and capricious. As part of this action the plaintiffs seek relief for those class members who applied for benefits under M.G.L. c. 151A § 30 from 1978 through 1980.

On July 15, 1981, the defendant was ordered to produce documents relating to all claims for unemployment compensation benefits under § 30 since January 1, 1978. On or about February 15, 1982, the defendant produced sanitized copies of 630 files of § 30 benefits claimants. These files did not include the records of claimants who made claims in 1978 since, at some time after this complaint was filed, those records were destroyed by the defendant.

At the beginning of April of this year, defendant informed plaintiffs that files of those claimants who sought unemployment benefits in 1979 would be destroyed (these do not include the files of those § 30 claimants previously produced to plaintiffs). The defendant informed plaintiffs that there are approximately 29 identified § 30 applicants whose files had not been located and that those records might have been misfiled among the folders about to be destroyed.

Plaintiffs sought a temporary restraining order preventing the destruction of any files of claimants for § 30 benefits who filed claims in 1979. At the hearing on the plaintiffs' motion, plaintiffs' counsel offered three options for consideration by the court: (1) no destruction of any files until this lawsuit is resolved, (2) prior to their destruction, defendant would examine the files to verify that no class member's file would be destroyed, and (3) plaintiffs' attorneys or agents would examine the files prior to their destruction to be sure that no class member's file was destroyed.[1] Defense counsel could not agree with any of

---

[1] Plaintiffs' counsel agreed that plaintiffs would waive attorney's fees for such a search of the files.

the options. This court issued the requested restraining order effective until a further hearing on the matter or until the parties reached agreement on the issue. Both parties have now agreed that the matter should be submitted for this court's consideration without oral argument.

### I.

The standards which the plaintiffs must meet before they are entitled to the injunctive relief which they seek, as most recently set out by the First Circuit in *Planned Parenthood League of Massachusetts v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981), are

"(1) that the plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction."

*Women's Community Health Ctr., Inc. v. Cohen*, 477 F.Supp. 542, 544 (D.Me.1979) (citations omitted).

After review of all materials submitted by counsel for both parties and of the relevant case law, I determine that plaintiffs have met those requirements and grant the relief requested by them in accordance with Part II, *infra*.

### A. *Irreparable Injury.*

The 29 or so files which plaintiffs are seeking to find among the 169,000 files which defendant wishes to destroy are the *only* records of the claims of potential class members, are the subject of an order requiring production, and are within the sole control of the defendant. Since the files are the only records of potential class members who might be affected by this lawsuit and represent the only means of identifying those class members, plaintiffs have made the required showing of irreparable injury absent the relief requested.

### B. *Weighing of the Potential Harms.*

Defendant contends that the preservation of the files at issue has and will substantially impair his ability to administer efficiently the unemployment compensation program by preventing the filing of current records. While I question whether such delay in filing presents a *substantial* impairment of his ability to perform his duties, I find that the potential harm to the plaintiffs clearly outweighs any harm to the defendant which may be caused by the delay in the filing of current records.

Defendant also argues that he may be subject to criminal penalties if he allows the plaintiffs' counsel to review the files in question. He says that M.G.L. c. 151A § 46 prevents disclosure of the records and subjects him to criminal sanctions if he violates its proscription. His compliance with an order of this court, however, will not subject him to the penalties provided in § 46. That section prohibits disclosure by anyone except by those "with authority of the director or pursuant to his rules and regulations, or as otherwise required or authorized by law..." His compliance with an order of this court would meet that exception to the prohibition contained in § 46.

### C. *Likelihood of Success on Merits.*

The plaintiffs' chief claim in this action is that the absence of state standards to be used by those making eligibility determinations for unemployment compensation benefits under M.G.L. c. 151A, § 30 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and various federal statutes.

If the plaintiffs eventually can establish what they have alleged in their complaint, i.e. that the decisions denying them unemployment compensation benefits were reached in the absence of appropriate regulations or standards and, thus, were arbitrary and capricious, they are likely to succeed on the merits of their claims. Deprivation of such an essential entitlement without adequate standards for determination of eligibility would constitute, in my opinion, a violation of the due process rights

1254

of the plaintiffs and may also be a violation of the fair hearing provision of the Social Security Act, 42 U.S.C. § 503(a)(3). Plaintiffs, therefore, have established a likelihood of success on the merits of their claims.

D. *Public Interest.*

Defendant argues that M.G.L. c. 151A § 46 states that the records in question are confidential and that to allow counsel for the plaintiffs to search through them would violate the mandate of § 46. The protection of the privacy of the applicants for unemployment compensation benefits is an important societal interest. That interest must be balanced, however, against the need for this information in order to insure that complete and just relief is granted in this case. Weighing those two competing interests and keeping in in mind my ability to issue protective orders which will adequately prevent unwarranted disclosure, I find that the balance tips in favor of allowing the disclosure sought by the plaintiffs. Such disclosure will not adversely affect the public interest and may well prove to be of some value to the public in the event that the procedures followed in reaching the decisions here complained of are found to be arbitrary and capricious.

II.

In the light of the foregoing discussion, I make the following order granting to counsel for the plaintiffs access to the files in the Massachusetts Division of Employment Security, subject to the limitations contained therein:

For the purposes of identifying and preserving the files of claimants for § 30 benefits, plaintiffs' attorneys and their agents are granted the right to examine those records of the Massachusetts Division of Employment Security which contain files of claimants for unemployment insurance who applied for benefits during 1979 and thus have benefit years ending 1980. With regard to the files of individuals who did not claim § 30 benefits, plaintiffs' attorneys and their agents are prohibited from disclosing information contained in such files which they have examined in connection with this order, or from making any information contained in these files part of the public record, or from utilizing the information contained on these records for any purpose. With regard to the files of individuals who did claim benefits under § 30, said files being under this court's Order to Produce dated July 15, 1981, plaintiffs' attorneys may utilize the documents, with identifying information deleted, in the same manner as they are utilizing all other files of § 30 claimants.

Defendants are enjoined from purging or destroying any files under this Order until plaintiffs have examined such records.